UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ALLIANCE PACKAGING, LLC, a Washington limited liability company,<br><br>                    Plaintiff,<br><br>        v.<br><br>FLOWERBUD, LLC, a Delaware limited liability company,<br><br>                    Defendant. | NO.<br><br>COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND |

**INTRODUCTION**

1.      Alliance Packaging, LLC ("Alliance") has been manufacturing custom corrugated containers for over 30 years.  In 2002, Alliance designed a unique box for shipping flowers for one of its customers.  Alliance's flower-shipping box provided solutions to a number of problems facing those in the flower-shipping business.  Among other things, Alliance's flower-shipping box provided a separate compartment for shipping accessories or gifts with the flowers that was quick and easy to assemble and consisted of a single container blank, rather than two or more, making tracking and inventory easier.  Alliance applied for and obtained a United States Patent for the flower-shipping box.

2.      After being shown Alliance's flower-shipping box, Flowerbud began using and selling flower-shipping boxes that were identical or substantially identical to Alliance's in connection with its online flower-shipping business, Flowerbud.com.  Even upon notification

COMPLAINT FOR PATENT INFRINGEMENT - 1

that the box had been patented and then upon receipt of a demand that it cease and desist its use and sale of its infringing box, Flowerbud continued to use and sell Alliance's patented box. Alliance brings this suit to enjoin the continued willful infringement of its patent rights and to recover damages attributable to Flowerbud's ongoing willful infringement.

**PARTIES**

3. Plaintiff Alliance Packaging, LLC, is a limited liability company formed under the laws of Washington with its principal place of business in Renton, Washington. Alliance is the owner, by assignment, of the patent at issue in this case.

4. Defendant Flowerbud, LLC is a corporation formed under the laws of Delaware with its principal place of business in Lake Oswego, Oregon.

**JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction over Alliance's patent-infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a), as there is complete diversity of citizenship and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6. This Court has personal jurisdiction over Flowerbud because Flowerbud sells infringing boxes to Washington residents who place orders with Flowerbud.com and delivers flowers in Washington using infringing boxes.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b) and 1391(c)(2).

**FACTUAL ALLEGATIONS**

8. On May 22, 2007, the U.S. Patent and Trademark Office issued Patent No. 7,219,797 to Alliance. A copy of the '797 Patent is attached as Exhibit A and incorporated by reference in this complaint. The '797 Patent describes and claims a flower-shipping box to which all patent rights are owned by Alliance, and which Alliance markets and sells.

9. While the '797 Patent was pending, Alliance sales representative George Jamison had several conversations, including at least one in-person meeting, with Flowerbud

CEO Mark Hayes and Flowerbud employee Peter Lenton, in an attempt to market the flower-shipping box that is the subject of the '797 Patent. At the time, Mr. Jamison provided samples of three different sizes of the flower-shipping box to Mr. Hayes and Mr. Lenton. Flowerbud and Mr. Hayes declined to have Flowerbud license or purchase the box from Alliance.

10. Thereafter, Flowerbud began to use and sell flower-shipping boxes that embody and/or are covered by claims in the '797 Patent.

11. In April 2014, after becoming aware of Flowerbud's infringement, Alliance notified Flowerbud and Mr. Hayes that the flower-shipping box had been patented, providing the patent number, the issue date, and other information.

12. Flowerbud continues to use and sell flower-shipping boxes that embody and/or are covered by claims in the '797 Patent.

13. Flowerbud has the infringing boxes manufactured for it by third parties, inducing their infringement of the '797 Patent.

## PATENT INFRINGEMENT

14. Flowerbud has infringed and continues to infringe the '797 Patent in violation of 35 U.S.C. § 271(a) by using and selling flower-shipping boxes that embody or are covered by one or more claims of the '797 Patent.

15. Flowerbud has induced direct infringement of the '797 patent by third-party manufacturers in violation of 35 U.S.C. § 271(b).

16. Under 35 U.S.C. § 283, Alliance is entitled to a permanent injunction preventing further infringement, directly or by inducement, of the '797 Patent.

17. Under 35 U.S.C. § 284, Alliance is entitled to damages for Flowerbud's infringement in an amount to be proved at trial. Because the infringement has been knowing and willful, Alliance is entitled to treble damages.

18. Under 35 U.S.C. § 285, Alliance is entitled to recover its attorneys' fees incurred in this action from Flowerbud based on Flowerbud's conduct.

**JURY DEMAND**

Alliance hereby demands a trial by jury of all issues.

**PRAYER FOR RELIEF**

Based on the foregoing allegations, Alliance requests the following relief:

A.  A judgment that Flowerbud has infringed and continues to infringe the '797 Patent.

B.  A judgment that Flowerbud's infringement has been willful and that this case is exceptional.

C.  A permanent injunction enjoining Flowerbud and its agents, successors, assigns, employees, and all those in privity to or in active concert with the company from infringing any claim of the '797 Patent by manufacturing, using, selling, offering to sell, or importing any infringing product or inducing infringement by others.

D.  An award of damages against Flowerbud adequate to compensate Alliance for its infringement of the '797 Patent, and in no event less than a reasonable royalty, trebled because the infringement is and has been willful.

E.  An award of reasonable attorneys' fees.

F.  An award of costs.

///

///

G. Such other relief at law or in equity as the Court may deem proper in light of the facts as proved at trial.

DATED this 19th day of June, 2014.

**SAVITT BRUCE & WILLEY LLP**

By  */s/ James P. Savitt*
      */s/ Miles A. Yanick*
James P. Savitt, WSBA #16847
Miles A. Yanick, WSBA #26603
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
Telephone: (206) 749.0500
Facsimile: (206) 749.0600
Email: jsavitt@sbwllp.com
Email: myanick@sbwllp.com

Attorneys for Plaintiff Alliance Packaging, LLC